**Entered on Docket**
**December 21, 2011**
**GLORIA L. FRANKLIN, CLERK**
**U.S BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**Signed: December 20, 2011**



_____
**EDWARD D. JELLEN**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
1300 Clay Street (2d fl.)
Oakland, CA. 94612

| | |
|---|---|
| In re | No. 10-46478-EDJ |
| | Adv. No. 11-04060 |
| KULWINDER SRA, aka KULWINDER SANDHU, dba SUNNYSIDE FOOD MART, | Date: 12/19/11 |
| | Time: 11:00 a.m. |
| | Ctrm: 215 |
| _____ Debtor. / | |
| TEVIS T. THOMPSON, Trustee, | |
| Plaintiff, | |
| vs. | |
| RAMESH BASSAN, | |
| _____ Defendant. / | |

DECISION

   Defendant Ramesh Bassan ("Bassan") has moved for relief from a default judgment entered against him on May 13, 2011. Tevis T. Thompson, trustee in bankruptcy ("Thompson"), opposes the motion. The court will deny Bassan's motion.

A.  Background

   On June 5, 2010, Kulwinder Sra, the above debtor ("Sra"), filed a voluntary chapter 7 petition herein. Thereafter, Thompson discovered that Sra had transferred at least $57,000 in cash to

Decision

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
1300 Clay Street (2d fl.)
Oakland, CA. 94612

Bassan prior to the filing of his petition.  To investigate, Thompson's counsel conducted an examination of Bassan regarding these transfers pursuant to Fed. R. Bank. P. 2004.  Attorney Michael Margosian ("Margosian") represented Bassan at the examination.

Following the examination, Thompson's counsel and Margosian exchanged some correspondence regarding the transfers.  On March 1, 2011, Thompson filed a complaint against Bassan alleging that Sra had transferred the cash sum of $7,600 to him on April 20, 2009 and the additional cash sum of $50,000 to him on February 6, 2010.  The complaint further alleged that Sra made these transfers without receiving fair value in return, and thus, that the transfers were fraudulent conveyances under Bankruptcy Code § 548(a).  Thompson duly served the complaint on Bassan and served a courtesy copy on Margosian.

Bassan took no action.  On April 13, 2011, Thompson filed a document entitled Request for Entry of Default Against Ramesh Bassan (the "Clerk's Default Request"), because Bassan had not answered the complaint.  Thompson served the Clerk's Default Request on both Bassan and Margosian.

Bassan took no action.  On April 28, 2011 the clerk of court entered a Clerk's Default, and served a copy on Bassan and Margosian.

Bassan took no action.  On May 13, 2011, the court entered its Judgment After Default (the "Default Judgment"), awarding Thompson judgment against Bassan in the sum of $57,000.  The Default Judgment was served on Bassan and Margosian.

Decision                                    2

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
1300 Clay Street (2d fl.)
Oakland, CA. 94612

1    Over six months passed.  On November 17, 2011, Bassan filed his

2    motion seeking relief from the Default Judgment.

3    Bassan argues: (1) that he ignored Thompson's complaint, the

4    Clerk's Default Request, and the Clerk's Default because he thought

5    that Margosian was representing him and that he therefore did not

6    need to do anything, and (2) that the transfers at issue by Sra were

7    loan repayments, and were thus not actionable fraudulent transfers.

8    Bankruptcy Code § 548(d)(2)(A) (satisfaction of a debt is "value"

9    for purposes of Bankruptcy Code § 548(a)(1)(B)).

10   B.   Discussion

11   Fed. R. Bankr. P. 7055(c) provides: "The court may set aside an

12   entry of default for good cause, and it may set aside a default

13   judgment under Rule 60(b)."  Fed. R. Civ. P. 60(b) provides in

14   relevant part that the court may relieve a party from a final

15   judgment for "(1) mistake, inadvertence, surprise, or excusable

16   neglect" or for "(6) any other reason that justifies relief."

17   In applying these provisions in the context of a motion for

18   relief from a default judgment, the Ninth Circuit has held that a

19   "court has the discretion to deny a Rule 60(b)(1) motion . . . if

20   (1) the defendant's culpable conduct led to the default, (2) the

21   defendant has no meritorious defense, or (3) the plaintiff would be

22   prejudiced if the judgment is set aside."  Meadows v. Dominican

23   Republic, 817 F.2d 517, 521 (9th Cir. 1987).  See also Pena v.

24   Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)

25   (citing Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984) (per

26   curiam); TCI Group Life Insurance Plan v. Knoebber, 244 F.3d 691,

Decision                         3

696 (9th Cir. 2001) overruled on other grounds by <u>Egelhoff v.</u>

<u>Egelhoff ex rel Breiner</u>, 532 U.S. 141, 147-50 (2001).

    1.  <u>Culpability</u>

    A party's conduct can be culpable if his conduct was "willful, deliberate, or evidence of bad faith." <u>TCI Group</u>, 244 F.3d at 697. A defendant's conduct can be considered deliberate if the defendant received notice and failed to act in the absence of a "credible, good faith, explanation . . .." <u>TCI Group</u>, 244 F.3d at 697-98.

    Here, Bassan's conduct was culpable (which in turn precludes any finding of excusable neglect. <u>Id.</u> at 696-97). Bassan was served with Thompson's complaint, the Clerk's Default Request, and the Clerk's Default, and elected to ignore each of these documents. This alone is sufficient to support a finding of culpability. <u>Meadows</u>, 817 F.2d at 521.

    Moreover, at the times Bassan was served with these documents, he was in consultations with attorney Margosian, a factor that weighs in favor of culpability. <u>TCI Group</u>, 244 F.3d at 699 fn. 6. Additionally, even if Bassan thought that Margosian was going to handle the complaint for him after he was served, he should have known after he was served with the Clerk's Default Request, and again, after he was served with the Clerk's Default that Margosian hadn't done anything. Yet Bassan provides no explanation for his inaction.

///

///

///

Decision                          4

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
1300 Clay Street (2d fl.)
Oakland, CA. 94612

2. <u>Meritorious Defense</u>

In order to establish a meritorious defense, the defendant must present "specific facts" that would constitute a defense (although the burden in this regard is not "extraordinarily heavy"). <u>TCI Group</u>, 244 F.3d at 700.

Bassan argues that back in 2006, he had lent funds to Sra, and that Sra had repaid him. From this, Bassan asks the court to infer that the transfers that Thompson alleges in the complaint were also loan repayments. But Bassan has presented no specific facts regarding the transfers at issue to support this allegation. Bassan all but concedes this when he argues in his reply memorandum that "If Bassan has the opportunity to defend this case, he will provide proof to the Court that there were no fraudulent transfers . . . ." Reply Memorandum at 3, (Dec. 12, 2011) ECF No. 23.

The court holds that Bassan has failed to establish that he has a meritorious defense.

3. <u>Prejudice</u>

Thompson has provided no evidence of prejudice that the court finds convincing. Even so, Bassan's culpability coupled with the fact that he had not demonstrated any meritorious defense is sufficient to defeat his motion. <u>Meadows</u>, 817 F.2d at 521 ("If a default judgment is entered as the result of a defendant's culpable conduct . . . we need not consider whether a meritorious defense was shown, or whether the plaintiff would suffer prejudice if the judgment were set aside"); <u>In re Hammer</u>, 940 F.2d 524, 525-26 (9th Cir. 1991) (vacation of a default judgment is inappropriate if

Decision                                      5

"defendant's own culpable conduct prompted the default"); <u>Hawaii</u>
<u>Carpenters' Trust Funds v. Stone</u>, 794 F.2d 508, 513 (9th Cir. 1986)
(it is an abuse of discretion for a court to set aside a default
judgment absent a showing of a possible meritorious defense).

C.   <u>Conclusion</u>

     The court will issue its order denying Bassan's motion.  The
court requests Thompson's counsel to submit a proposed order.

                        **END OF ORDER**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
1300 Clay Street (2d fl.)
Oakland, CA. 94612

Decision                         6

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
1300 Clay Street (2d fl.)
Oakland, CA. 94612

1                        COURT SERVICE LIST

2  Via ECF notification

3  David M. Sternberg, David M. Sternberg & Associates

4  Robert A. Miller, David M. Sternberg & Associates

5  Dennis D. Davis, Goldberg Stinnett Davis & Linchey

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Decision                           7